IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| RODRIGO COLLAZO and ADALAIDA COLLAZO § § § | |
| V. § | CIVIL ACTION NO. G-10-652 |
| § | |
| ALLSTATE TEXAS LLOYD'S and § PILOT CATASTROPHE SERVICES, INC., § | |

OPINION AND ORDER

On December 13, 2010, Defendant, Allstate Texas Lloyd's (Allstate), filed a Verified Plea in Abatement alleging that Plaintiffs, Rodrigo Collazo and Adalaida Collazo, failed to provide the 60-day Notice required by Texas Insurance Code § 541.154. The Collazos concede that they did not provide the required Notice letter before filing suit on October 5, 2010, but argue that, *inter alia*, the tardy Notice letter sent to Allstate on December 20, 2010, began the 60-day abatement clock which expired on February 19, 2011, thereby rendering Allstate's pending Plea moot. The Court agrees with the Collazos.

Despite Allstate's argument to the contrary, the Court finds the Collazos' Notice letter provides enough detail for Allstate "to grasp the basis" of their complaint, namely that Allstate had failed to include in its payments all of the damages caused to their property, including damages to the ceilings, walls, insulation and flooring as a result of water intrusion through the roof damage caused by Hurricane Ike. See Richardson v. Foster & Sear, LLP, 257 S.W.3d 782, 786 (Tex. App. -- Fort Worth, 2008). Admittedly, the letter could have been more enlightening, however, this Court has no inclination to haggle over what degree of factual specificity will be

necessary to ultimately declare a Notice letter regarding hurricane damage to be sufficient or demand that Plaintiffs file amended Notice letters until they get it right.

Having found the letter to be sufficient, the Court feels compelled to deny Allstate's Plea as moot under the reasoning of the Texas Supreme Court in In re: Alford Chevrolet-Geo, 997 S.W.2d 173, 178 (Tex. 1999). On February 19, 2011, the 60-day abatement period would have ended. Although there was no automatic abatement in this case, due to the filing of the Collazos' verified response, this Court sees no need to formally grant the now-expired stay.

It is, therefore, the **ORDER** of this Court that the Plea in Abatement of Allstate Texas Lloyd's (Instrument no. 8) is **DENIED as moot**.

**DONE** at Galveston, Texas, this ____28th____ day of March, 2011.

_____
John R. Froeschner
United States Magistrate Judge